**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| HEYMAN HAROLD GUILLORY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:14-CV-669 |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Final Judgment was entered in this case on May 11, 2017(#66).  Petitioner filed a Notice of Appeal on May 22, 2017 (#67).  The Fifth Circuit Court of Appeals denied Petitioner's Motion for a Certificate of Appealability on December 21, 2017 (#69).  This court then denied two motions, liberally construed as motions for relief from judgment, on February 24, 2022 (#80). Petitioner sought an extension of time to appeal the latter which was denied on March 30, 2022, for failure to show excusable neglect or good cause (#83).

On limited remand from the Fifth Circuit Court of Appeals is consideration of Petitioner's Motion for Final Judgment (#94), Motion for Leave to Amend Judgment (#98), Motion for Bench Warrant (#98) and Motion to Compel Final Judgment and Motion for Bench Warrant (#99), all filed in 2025.  The court liberally construes these motions as additional Motions for Relief from Judgment filed pursuant to Federal Rule of Civil Procedure 60(b).  In none of these filings does Petitioner provide any grounds for relief.  The court notes that these motions were filed eight years after entry of final judgment and three years after denial of the court's February 24, 2022, order denying Petitioner's original motions for relief from judgment.  A party seeking relief under Rule 60(b) must show:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; or (6) any other reason justifying relief from the operation of judgment. FED. R. CIV. P. 60(b). Petitioner does not assert any of the grounds required by Rule 60(b). The court finds that Petitioner has failed to provide justification for altering the previous rulings of the court. It is, therefore,

**ORDERED** that Petitioner's Motion for Relief from Judgment filed pursuant to Federal Rule of Civil Procedure 60(b) (#94, #95, #98, #99) is **DENIED**.

Furthermore, Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires Petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, Petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of Petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by Petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Thus, Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Therefore, a certificate of appealability shall not be issued.

SIGNED at Beaumont, Texas, this 10th day of July, 2026.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE